*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRIDGET LEE BOFYSIL,

        Plaintiff/Counterdefendant-Appellant,

v

SARAH LYNNE BOFYSIL, also known as SARAH LYNNE WEESIES,

        Defendant/Counterplaintiff-Appellee.

UNPUBLISHED
August 12, 2026
12:25 PM

No. 379438
Jackson Circuit Court
LC No. 2018-001635-DM

Before: GADOLA, C.J., and RIORDAN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff and defendant have a child together, and plaintiff moved for sole legal custody of that child, as well as for an order switching the child from homeschooling to a public education. The trial court orally denied plaintiff's motion for sole legal custody, finding that the allegations made in the motion did not rise to the level of a change of circumstances and scheduled an evidentiary hearing on the issue of the school change. Almost eight months after issuing its oral ruling, the trial court issued a written order denying plaintiff's motion for sole legal custody, and plaintiff now appeals that written order. Because of uncertainty in the record and events that occurred between its oral ruling and written order, we vacate the trial court's order and remand.

Plaintiff moved for sole legal custody of her child, claiming that she and defendant disagreed on the major issue of education; medical and educational disputes repeatedly occurred that impeded the child's best interests; and the issues were only able to be resolved once the parties involved counsel or the trial court, including motions involving allergies and orthodontics treatment. In addition to her motion for sole custody, plaintiff moved for an order that the child attend public school instead of homeschooling. At the hearing on the motions, the trial court denied the motion for sole legal custody, finding that nothing occurred since the previous custody order "that demonstrates that there has been a material change of circumstances that should entitle . . . a change in the legal custody here." On the school choice motion, the trial court scheduled an evidentiary hearing.

-1-

The trial court held two evidentiary hearings on plaintiff's school choice motion, and ultimately denied the motion. The written order did not include a decision on the custody motion. Less than two months after the school choice decision, plaintiff filed a motion about academic testing. Two weeks after plaintiff's motion, defendant filed an ex parte motion regarding medical appointments, and the trial court issued an ex parte order on that motion. The trial court held hearings on plaintiff's motion for academic testing and eventually issued an opinion and order.[1] At the final hearing on the academic testing, plaintiff informed the trial court that she "never got a written order" on her legal custody motion. The trial court thought that the custody order was already incorporated into another order that it issued in this case, but it told plaintiff that it had "no problem" preparing a separate order that denied plaintiff's request regarding legal custody.

Two days after issuing an order on the academic testing, the trial court issued a written order denying plaintiff's motion for sole custody, a motion that plaintiff made over eight months earlier. In the order, the trial court stated that it found "that Plaintiff has failed to demonstrate that there has been a change in circumstances or that proper cause exists for change in custody. Therefore, for the reasons stated on the record," plaintiff's motion for sole legal custody was denied. Plaintiff now appeals the trial court's written order denying her motion for sole legal custody.

Under the Child Custody Act, MCL 722.21 *et seq*., "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28. See also *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). "An abuse of discretion, for purposes of a child custody determination, exists when the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Barretta v Zhitkov*, 348 Mich App 539, 549; 19 NW3d 420 (2023) (cleaned up).

We review the trial court's decision on "proper cause or a change of circumstances under the great weight of the evidence standard." *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). A trial court's unwarranted findings of fact can be against the great weight of the evidence. *Fletcher v Fletcher*, 447 Mich 871, 878; 526 NW2d 889 (1994). Furthermore, "[w]hen a court incorrectly chooses, interprets, or applies the law, it commits legal error that the appellate court is bound to correct." *Id.* at 881.

When a party seeks to modify an existing child custody order, she must first establish proper cause or change of circumstances "regarding one or more of the best-interest factors that has the potential for a significant effect on the well-being of the child." *Merecki v Merecki*, 336

---

[1] Plaintiff applied for delayed leave to appeal the trial court's orders on the school choice and academic testing motions; both applications were denied by this Court for lack of merit in the grounds presented. *Bridget Lee Bofysil v Sarah Lynne Bofysil*, unpublished order of the Court of Appeals, entered May 27, 2026 (Docket No. 378236) (LETICA, P.J., and REDFORD and WALLACE, JJ.); *Bridget Lee Bofysil v Sarah Lynne Bofysil*, unpublished order of the Court of Appeals, entered July 20, 2026 (Docket No. 379712) (WALLACE, P.J., and RICK and MALDONADO, JJ.).

Mich App 639, 646; 971 NW2d 659 (2021). Plaintiff and defendant had disagreements before the motion for a change to public school, including decisions about medical treatments for allergies and orthodontics. When the trial court made its oral decision on custody, the parties had an active pending disagreement about the child's schooling. Furthermore, after the oral ruling and before the written order, the parties had further disagreements, including about the child's testing, which required an extensive written opinion by the trial court to resolve.

A trial court "speaks through its written orders and judgments, not through its oral pronouncements." *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). Here, the trial court's written order, which controls, was based in part on its oral reasoning on the record, which occurred almost eight months before its written order. The trial court's order indicated it reviewed "the pleadings" when it found that plaintiff failed to demonstrate that there had been a change, but it is unclear to this Court whether this review included the parties' motions that occurred after its oral rulings but before its written order, i.e., the motions for school change and testing.

This is an unusual case, given the time and subsequent history that occurred between the trial court's oral ruling and its written order. The subsequent motions that occurred may have caused delays and had a detrimental effect on the child's well-being. See *Dailey v Kloenhamer*, 291 Mich App 660, 666; 811 NW2d 501 (2011). Based on the record before us, we are unable to determine whether motions and hearings factored into the trial court's decision on sole legal custody. Because we cannot confidently conclude what findings of facts the trial court made and what evidence these findings were made on, we are unable to determine at this time whether these findings were against the great weight of evidence. See *Rittershaus v Rittershaus*, 273 Mich App 462, 475; 730 NW2d 262 (2007) ("[T]he record must be sufficient for this Court to determine whether the evidence clearly preponderates against the trial court's findings."). We therefore vacate the trial court's decision and remand for a new decision on plaintiff's motion for sole custody. Given the delay in the written order and the subsequent history that occurred, the parties may supplement their pleadings to include up-to-date bases for their arguments, if needed.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Michael J. Riordan
/s/ Brock A. Swartzle

-3-